UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF SUBPOENA DUCES
TECUM ADDRESSED TO QUANTLAB
FINANCIAL LLC

DOCKET NO.: 3:18 CV 367

MARCH 1, 2018

## QUANTLAB FINANCIAL LLC'S MOTION TO QUASH SUBPOENA DUCES TECUM

Quantlab Financial LLC ("Quantlab") moves pursuant to Rule 17(c)(1)(2) and (3), Federal Rules of Criminal Procedure, to quash the subpoena issued by Defendant Andre Flotron ("Flotron" or "Defendant") in the matter of United Sates of America v. Andre Flotron, Criminal No.: 17-CR-220 (JAM) pending in this district (the "Action").

In support of said Motion, Quantlab avers the following:

1. Quantlab is a third party witness and not a party to the Action.  Quantlab is a victim in this matter that has cooperated with the government's investigation thereof.

2. Quantlab accepted service of a subpoena duces tecum dated February 7, 2018 by Defendant via email on or about February 12, 2018.

3. The return date for said subpoena was February 21, 2018 at the offices of Greenberg Traurig LLP, 200 Park Avenue, New York, NY 10166, and not to the United States District Court under whose authority said subpoena was served.

4. Defendant never provided notice that it was seeking an order to obtain Quantlab's confidential information before any order permitting issuance of the instant subpoena was entered.

5. Shortly after receiving the subpoena, Simon J. Garfield, Associate General Counsel for Quantlab, consulted with counsel for Flotron, and received an agreement to extend the date for production to March 2, 2018.

6. While Quantlab has agreed to produce its correspondence with the government relating to this matter, it has not agreed to provide Defendant with information that was confidential and trade secret information. Specifically, Quantlab has objected to disclosure of its most closely-guarded commercial secret, its source code and trading algorithms, which were developed as part of Quantlab's research and development over a dozen years and at the cost of millions of dollars. Quantlab timely served objections to this request.

7. There is no dispute that Quantlab's trading algorithms are trade secrets, or that Quantlab takes extraordinary measures to protect these trade secrets from disclosure. Indeed, Quantlab has successfully defended its trade secret and proprietary trading algorithms up through the United States Court of Appeals for the Fifth Circuit. *See Quantlab Technologies, Limited (BVI); Quantlab Financial, L.L.C. v. Andriy Kuharsky*; et al., No. 16-20242, 2017 U.S. App. LEXIS 11136 (5th Cir. June 22, 2017). Providing its "trading algorithms" (secret sauce) to Defendant or any other person outside of Quantlab would cause irreparable harm to Quantlab.

8. It would thus be an undue burden to require Quantlab to reveal such trade secrets here. It is also unnecessary. It is Quantlab's understanding that the trades at issue in this case relate to the first two levels of the order book. There is absolutely no reason that Quantlab must disclose the inner workings of its trading strategy worth millions of dollars, that could be rendered valueless by disclosure, in order for the government to prove, or the defendant here to disprove, that false information injected into the first two levels of the order book will impact trading.

9. Courts have routinely quashed similar requests, and should do so here. In *Viacom Int'l Inc. v. YouTube Inc. and Google, Inc.*, for example, Viacom sought production of the source code to Google's and YouTube's search tools to determine if these tools in any way favored the retrieval of Viacom's copyrighted materials. The court recognized that there was no dispute that the secrecy of this source code, like here, was of enormous commercial value, and that someone with access to it could readily perceive its basic design principles, and cause catastrophic harm by sharing it with others who might create their own programs without making the same investment. *See id.*, 253 F.R.D. 256, 259 (S.D.N.Y. 2008). While recognizing that there were careful and extensive protections already set forth in the stipulated confidentiality order, the court found that these were "nevertheless not as safe as nondisclosure" and granted the protective order sought. *See id.* at 260.

10. Similarly, in *Banner Indus. of NE. v. Wicks*, the court recognized its "vested authority to issue a protective order to secure the sanctity of trade secrets." *Id.*, No. 1:11-CV-1537, 2013 U.S. Dist. LEXIS 150559, at *24 (N.D.N.Y. Oct. 21, 2013). There, Plaintiff, a distributor of industrial valves and tubing, accused its former employee of tortious interference with its relationship with Asahi. Plaintiff sought information from Asahi about how it chose its distributor, and Asahi sought a protective order so it would not be required to reveal this sensitive information. The court agreed that the attorneys' eyes only provision in the existing protective order was insufficient to protect Asahi's proprietary information, and granted the protective order. *See id.* at *29-30; *see also Bell Atl. Bus. Sys. Servs. v. Hitachi Data Sys. Corp.*, No. M8-85, 1995 U.S. Dist. LEXIS 265, at *1 (S.D.N.Y. Jan. 13, 1995) ("With respect to the protective order ... we are satisfied both that the [source code] material is of vital importance to IBM and that no protective

order could possibly be devised which could guarantee security for the material once it has left IBM's hands.").

11. Considered against the value and secrecy of Quantlab's trade secrets, and the immateriality of the details of the source code here, there is no reasonable justification for requiring Quantlab to produce such materials. Despite good faith efforts to confer, counsel for Quantlab and Defendant have been unable to resolve this discovery dispute. (See Certificate of Compliance attached at Exhibit A).  As such, Quantlab respectfully requests the Court quash Defendant's February 7, 2018 subpoena.

QUNATLAB FINANCIAL LLC


By: */s/ Richard P. Colbert*
Richard P. Colbert (ct 08721)
Day Pitney LLP
One Audubon Street
New Haven, CT 06511
Telephone: (203) 977-7375
E-mail: rpcolbert@daypitney.com


Lawrence Finder (*pro hac vice* request to be filed)
Jacob M. Kaplan (*pro hac vice* request to be filed)
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: (212) 891-3896
Fax:  (212) 310-1896
Email: jacob.kaplan@bakermckenzie.com

*Attorneys for Quantlab Financial LLC*

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF SUBPOENA DUCES          DOCKET NO.: 3:18 CV 367
TECUM ADDRESSED TO QUANTLAB
FINANCIAL LLC

MARCH 1, 2018

## CERTIFICATE OF COMPLIANCE

**JACOB M. KAPLAN** certifies as follows:

1.  I am a member of the law firm of Baker & McKenzie LLP, and will be requesting permission to appear pro hac vice in this proceeding in connection with this filing. I submit this Certification in support of non-party Quantlab Financial LLC's Motion to Quash.

2.  As detailed more fully in Quantlab's Motion to Quash, counsel for Quantlab has made a good faith effort to confer with counsel for Defendant Andre Flotron ("Defendant") to avoid the unnecessary production of Quantlab's trade secrets.

3.  Following certain telephonic meet-and-confer conferences between Quantlab's Associate General Counsel and Defendant's counsel, this firm was retained. Thereafter, on February 27, 2018, and again on February 28, 2018, I conducted further telephonic meet-and-confer conferences to discuss this matter with Defendant's counsel and to attempt in good faith to resolve the differences on the scope of Defendant's subpoena.

4.  Despite these good faith efforts, Defendant's counsel and I were unable to reach an accord.

I certify that the foregoing statements are true and correct to the best of my knowledge.

_____
Jacob M. Kaplan

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018, a copy of the foregoing was sent by email prior to the filling of this Appearance and thereafter by first-class mail, postage pre-paid to the following counsel:

Marc L. Mukasey
Greenberg Traurig - Park Ave NY
MetLife Bldg.
200 Park Avenue
New York, NY 10166

Matthew Sullivan, Esq.
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
950 Constitution Ave., NW
Washington, DC 20530

John H. Durham, Esq.
United States Attorney
US Attorney's Office
New Haven Office
Connecticut Financial Center
157 Church Street, Floor 25
New Haven, CT 06510

_/s/ Richard P. Colbert_
Richard P. Colbert